UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORBERT J. BOGNER,

                      Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/30/2022__

No. 20 Civ. 10724 (NSR) (JCM)
ORDER ADOPTING REPORT AND
RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Norbert Bogner commenced this action on December 18, 2020, under 42 U.S.C.

§ 405(g), challenging the decision of the Commissioner of Social Security (the "Commissioner")

denying his application for Disability Insurance Benefits ("DIB").  (ECF No. 1.)  This case was

referred to Magistrate Judge Judith C. McCarthy under 28 U.S.C. § 636(b) and Federal Rule of

Civil Procedure 72(b).  Presently before the Court is Judge McCarthy's Report and

Recommendation ("R&R") on (i) Plaintiff's motion for judgment on the pleadings pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 20); and (ii) the Commissioner's

cross-motion for judgment on the pleadings (ECF No. 26).  Therein, Judge McCarthy recommends

the Court to grant the Plaintiff's motion and deny the Commissioner's cross-motion, and to remand

the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further

proceedings.  (ECF No. 30.)

    For the following reasons, the Court ADOPTS Judge McCarthy's R&R in its entirety,

GRANTS Plaintiff's motion, DENIES the Commissioner's cross-motion, and REMANDS the

matter to the Social Security Administration for further proceedings.

**BACKGROUND**

The Court presumes familiarity with the factual and procedural background of this case. Further details can be found in the R & R, which this Court adopts.  (ECF No. 30.)

Plaintiff applied for DIB on August 28, 2017, alleging a disability onset date of March 30, 2016.  Plaintiff's application was initially denied on March 12, 2018, after which he requested a hearing on April 20, 2018.  Plaintiff testified at the hearing on September 23, 2019, before an Administrative Law Judge ("ALJ").  The ALJ found that Plaintiff had a severe impairment, but denied Plaintiff's claim on November 13, 2019.  Plaintiff's request for review by the Appeals Council was denied on October 21, 2020

On December 18, 2020, Plaintiff commenced the instant action challenging the administrative decision of the Commissioner denying his application for DIB. (ECF No. 1.) This action was referred to Judge McCarthy on December 21, 2020. On November 20, 2021, Plaintiff moved for judgment on the pleadings, asking the Court to reverse the ALJ's decision and arguing that the ALJ erred by: (1) finding his mental impairments non-severe, (ECF No. 21 ("Pl. Br.") at 20–35); (2) failing to properly determine his physical residual functional capacity ("RFC") based on the medical opinion evidence, (*id*. at 35–38); and (3) failing to properly evaluate his subjective statements (*id*. at 38–40).  On February 1, 2022, the Commissioner cross-moved for judgment on the pleadings, arguing that the ALJ decision should be affirmed (ECF No. 27., at 9–31).  On July 18, 2022, Judge McCarthy issued the instant R&R recommending the Court to grant Plaintiff's motion for judgment on the pleadings and deny the Commissioner's cross-motion, and to remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (ECF No. 30.)  Objections were due by August 1, 2022, and to date, none have been filed.  (*See id*.)

## LEGAL STANDARDS

### *Standard of Review*

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the

record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

### *Disability Benefits*

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act.*See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health*

4

*& Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step analysis set out in the regulations governing the administration of Social Security benefits. *See* 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii).   If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. *Id*. If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC') and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine whether he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.; see Brault v. Social Sec. Admin, 683 F. 3d* 443, 445 (2d Cir. 2012).

In addition, when reviewing an appeal from a denial of disability benefits, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); *see also* 42 U.S.C. § 405(g). Substantial evidence means "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co.*

*of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

### DISCUSSION

Here, Judge McCarthy issued the R&R on July 19, 2022. The parties had until August 1, 2022 to file objections, but neither filed any. In the absence of any objections, the Court has reviewed Judge McCarthy's R&R and found no clear error.

As Judge McCarthy more fully discussed in the R&R, the ALJ failed to develop the record, and therefore, judgment must be granted in Plaintiff's favor.

First, the ALJ found the opinion in Plaintiff's Hip Impairment Questionnaire (which was relevant to the DIB determination) unpersuasive even though she did not attempt to discern the name and specialization of the author (which was illegible), nor the date it was signed.  (R&R at 26–27.)   Courts have remanded based on the ALJ's failure to develop the record where questionnaires or other medical records have an unknown author. *See, e.g., Segarra v. Comm'r of Soc. Sec.*, No. 20-CV- 5801(PGG)(DF), 2022 WL 1051155, at *15-16 (S.D.N.Y. Feb. 17, 2022), *report and recommendation adopted*, 2022 WL 669877 (S.D.N.Y. Mar. 7, 2022) ("[T]he ALJ had inadequate information from which to assess Plaintiff's impairments" where the "medical questionnaire that was included in the Record was incomplete and its author was unknown").  In addition, the ALJ did not properly evaluate the Hip Impairment Questionnaire or its impact on Plaintiff's physical RFC, which itself is a basis for remand.  (R&R at 40–42.)  The ALJ should "ensure that every portion of [her] RFC assessment is supported by medical evidence in the Record." *Shafer v. Saul*, No. 20-CV-3060(VSB)(DCF), 2022 WL 827075, at *18 (S.D.N.Y. Jan. 20, 2022), *report and recommendation adopted*, 2022 WL 826411 (S.D.N.Y. Mar. 18, 2022).

Second, the ALJ's determination that Plaintiff's mental impairment were not severe is not supported by substantial evidence in the record.  The ALJ improperly relied only on findings that

6

she determined to be "normal" while failing to consider other records supporting the opinions of Plaintiff's treating psychiatrists.  (R&R at 31.)  *See Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims. It is grounds for remand for the ALJ to ignore parts of the record that are probative of the claimant's disability claim.").  In addition, as articulated in the R&R, the ALJ rejected opinions from two psychiatrists who discussed Plaintiff's severe mental illnesses, because the ALJ deemed those opinions to be inconsistent with other evidence in the record showing that Plaintiff could undertake activities of daily living despite his impairments and that Plaintiff had a routine and conservative treatment history.  (R&R at 34–35.)  However, doing so was erroneous, because it is well settled that "'a claimant need not be an invalid to be found disabled' under the Social Security Act." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citing *Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988)).  In addition, the ALJ acknowledged that Plaintiff still needs assistance in some of his activities of daily living and has difficulties performing them.  In any event, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *Balsamo*, 142 F.3d at 81.

Third, the ALJ erroneously failed to include any mental limitations in the RFC, even though the record showed that the mental impairments contributed to Plaintiff's functional limitations. (R&R at 37.)  *See Rousey v. Comm'r of Soc. Sec*., 285 F. Supp. 3d 723, 740-41 (S.D.N.Y. 2018) ("Even where 'substantial evidence supports the ALJ's finding that a claimant's mental impairment was non-severe, it would still be necessary to remand . . . for further consideration where the ALJ failed to account for the claimant's mental limitations when determining her RFC.'") (citing *Parker–Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012)) (collecting cases)

Lastly, the ALJ failed to appropriately evaluate Plaintiff's subjective statements of his symptoms. As the R&R discusses, in evaluating the Plaintiff's subjective statements about his symptoms, the ALJ explained that clinical examination findings were not sufficient to support Plaintiff's allegations concerning his musculoskeletal condition, that his treatment was conservative, and that his daily activities indicated that he could perform light exertional work. (R&R at 44.) However, the ALJ improperly substituted her own opinion for that of medical sources concerning "conservative" treatment, failed to consider evidence that Plaintiff needed assistance with daily activities and had difficulty performing some of them, and relied on insufficient clinical findings concerning Plaintiff's musculoskeletal conditions. (R&R at 44–45). Therefore, the ALJ's findings were not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge McCarthy's R&R in its entirety. Accordingly, the Court GRANTS Plaintiff's motion, DENIES the Commissioner's cross-motion, and REMANDS the matter to the Social Security Administration for further proceedings consistent with Judge McCarthy's R&R.

The Court finally directs the Clerk of Court to terminate the motions at ECF Nos. 20 & 26.


Dated:  September 30, 2022
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

8