USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/5/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
NORBERT J. BOGNER,                                         :
                                                           :
         Plaintiff,                                        :         ORDER
                                                           :          20-cv-10724 (NSR)(JCM)
                     -against-                             :
                                                           :
COMMISSIONER OF SOCIAL SECURITY,                          :
         Defendant.                                        :
------------------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge

Plaintiff Norbert J. Bogner commenced this action seeking review of the Commissioner of Social Security's denial of benefits. Presently before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF Nos. 35–37.) Plaintiff's counsel seeks $21,501.00 in attorney's fees, representing twenty-five percent of Plaintiff's past-due benefits. (Pl. Mem. at 2–3, ECF No. 36.) The Commissioner filed a response stating that it neither supports nor opposes counsel's request. (Comm'r Resp. at 1, ECF No. 38.) The Commissioner requests, however, that any order authorize the amount of § 406(b) fees rather than direct the Commissioner to pay a specific amount. (*Id*. at 3–4.)

Having reviewed Plaintiff's motion, supporting papers, and the Commissioner's response, the Court finds that the requested fee award is reasonable under 42 U.S.C. § 406(b), *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining that § 406(b) requires courts to review contingency-fee arrangements "as an independent check" to ensure "that they yield reasonable results"), and *Fields v. Kijakazi*, 24 F.4th 845, 853–56 (2d Cir. 2022) (directing courts to consider, among other things, "the character of the representation and results achieved", counsel's responsibility for any delay, counsel's "ability and expertise", "the nature and length of the

1

professional relationship", the claimant's satisfaction, the uncertainty of the result, and the effort required). Here, the requested fee does not exceed twenty-five percent of Plaintiff's past-due benefits. (Pl. Mem. at 1–3.) Second, Counsel represented Plaintiff for an extended period, beginning in May 2018. (*Id*. at 3.) Third, Counsel achieved a favorable result, securing $86,004.00 in past-due benefits after multiple hearings and appeals. (*Id*. at 2–3.) Counsel also has substantial experience in Social Security disability matters and there is no indication that counsel caused undue delay or that Plaintiff was dissatisfied with the representation. (*Id*.) Finally, counsel undertook the representation despite uncertainty as to whether Plaintiff would ultimately be found disabled, given the multiple denials and appeals of his claim. (*Id*.) The Commissioner also notes that the requested award reflects an effective hourly rate of $430.02 for 50 hours of court-related work. (Comm'r Resp. at 1–2.) On this record, the Court finds that the requested award is reasonable and does not constitute a windfall.

Accordingly, Plaintiff's motion is GRANTED. The Court authorizes attorney's fees in the amount of $21,501.00 pursuant to 42 U.S.C. § 406(b), to be satisfied from Plaintiff's past-due benefits in accordance with agency policy. Upon receipt of the § 406(b) fees, Plaintiff's counsel shall refund to Plaintiff the $8,162.96 in attorney's fees previously awarded under the Equal Access to Justice Act. (Pl. Mem. at 4; Comm'r Resp. at 4.)

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35.

Dated: June 5, 2026
     White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

2